UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATASHA M. SHEIN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MEALTHY INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05352-DGE<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE (DKT. NO. 8) |

　　　Presently before the Court is Plaintiff Natasha Shein's motion for alternative service. (Dkt. No. 8.)  Plaintiff asks the Court to permit her to effect alternative service of the summons and the complaint upon Defendant Mealthy, Inc. ("Mealthy") by way of direct service upon the principal owner and Chief Executive Officer ("CEO") of Mealthy, Casey Musick.  (*Id*.)  Plaintiff contends she unsuccessfully attempted service upon Defendant's registered agent on May 4, 2023, and later made multiple unsuccessful attempts to serve Mealthy at different locations via different registered agents.  (*Id*.)

1      Federal Rule of Civil Procedure 4(h) authorizes a party to serve a domestic corporation
2 located in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for
3 serving an individual or ... by delivering a copy of the summons and of the complaint to an
4 officer, a managing or general agent, or any other agent authorized by appointment or by law to
5 receive service of process and . . . by also mailing a copy to each to the defendant." Fed. R. Civ.
6 P. 4(h).

7      A party may serve an individual by "following state law for serving a summons in an
8 action brought in courts of general jurisdiction in the state where the district court is located or
9 where service is made[.]" *See id*. 4(e)(1). Washington law permits service by personal delivery
10 or "by leaving a copy of the summons at the house of [the defendant's] usual abode with some
11 person of suitable age and discretion then resident therein." Wash. Rev. Code § 4.28.080(16). In
12 cases where the registered agent of a represented entity cannot be served with reasonable
13 diligence, "the entity may be served by registered or certified mail, return receipt requested, or
14 by similar commercial delivery service, addressed to the entity at the entity's principal office."
15 Wash. Rev. Code § 23.95.450(2).

16      Under Rule 4(e)(2) an individual may be served with process within a judicial district of
17 the United States by 1): delivering a copy of the summons and of the complaint to the individual
18 personally; 2) leaving a copy of each at the individual's dwelling or usual place of abode with
19 someone of suitable age and discretion who resides there; or 3) delivering a copy of each to an
20 agent authorized by appointment or by law to receive service of process.

21      Any alternative service must comport with due process such that it is "reasonably
22 calculated, under all the circumstances, to apprise interested parties of the pendency of the action
23 and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank &*
24

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE (DKT. NO. 8) - 2

*Tr. Co.*, 339 U.S. 306, 314 (1950).  The party effecting service must submit proof of service to the court by the server's affidavit.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

    The Court finds Plaintiff would likely be able to effect service on Casey Musick, as CEO of Mealthy, under Rule 4(h), since as CEO he is an officer of the corporation.  The Court also finds Plaintiff would be able to effect service upon Casey Musick under the provisions of Rules 4(e)(1) and 4(e)(2).  Plaintiff asserts she has been unable to effect service on Mealthy's registered agents despite numerous attempts, and the Court finds service of the complaint and summons on Casey Musick, Mealthy's CEO, comports with due process and will adequately apprise Mealthy of the pendency of this action.

    Accordingly, Plaintiff's motion for alternative service (Dkt. No. 8) upon Casey Musick is GRANTED.  Plaintiff shall have twenty-one (21) days from the date of this order to effect service on Casey Musick as an officer (CEO) of the Defendant in accordance with Federal Civil Rule 4.

    Dated this 2nd day of October, 2023.

David G. Estudillo
United States District Judge